ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
P: (702) 938-1510
E: rphillips@psalaw.net
    mwessel@psalaw.net

*Attorneys for Defendant*
*Walmart Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WENDI BRUCE,<br><br>            Plaintiff,<br><br>v.<br><br>WALMART, INC., a foreign corporation d/b/a WALMART; DOES I through X, inclusive; ROE CLEANING COMPANY; ROE REPAIR COMPANY; and ROE CORPORATIONS I through X, inclusive,<br><br>            Defendants. | Case No.: 2:21-cv-00534-RFB-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |

    Plaintiff WENDI BRUCE (hereinafter "Plaintiff") and Defendant WALMART INC. (hereinafter "WALMART" or "Defendant"), by and through their respective counsel of record, do hereby stipulate to extend the remaining deadlines in the current scheduling order and discovery plan in this matter for a period of sixty (60) days for the reasons explained herein.

    Pursuant to Local Rule 6-1(b), the parties hereby aver that this is the second such discovery extension requested in this matter.

**DISCOVERY COMPLETED TO DATE**

- The parties have conducted an FRCP 26(f) conference and have served their respective FRCP 26(a) disclosures;
- Defendant has served seven supplements to its disclosures to date;
- Plaintiff substituted counsel as of June 2021;

- 1 -

- Defendant has served upon Plaintiff one set of Requests for Production, one set of Interrogatories and one set of Requests for Admissions. Plaintiff has responded to the same;
- Plaintiff has served upon Defendant one set of Requests for Production, one set of Interrogatories and one set of Requests for Admissions. Defendant has responded to the same;
- Plaintiff provided provider specific authorizations as of September 22, 2020;
- Defendant has set the deposition of the Plaintiff;
- Defendant has subpoenaed and is pending receipt of applicable medical records;
- The parties have filed all required documents pursuant to ECF 2 to date;

**DISCOVERY TO BE COMPLETED AND REASONS FOR EXTENSION OF DISCOVERY**

- Depositions of Plaintiff's treating physicians;
- Plaintiff to notice fact witness depositions;
- Disclosure of experts by both parties;
- Depositions of expert witnesses and rebuttal expert witnesses;
- Plaintiff to perform a site inspection; and
- Plaintiff to notice Defendant's 30(b)(6) deposition.

The parties aver, pursuant to Local Rule 6-1, that good cause exists for the requested extension. The parties agree that, pending this Court's approval, extension of remaining discovery deadlines is appropriate, as Plaintiff is unavailable for her deposition currently due to a COVID diagnosis. To be safe, the parties would not be able to move forward with the deposition for thirty (30) days and given the amount in controversy and the complex issues including pre-incident medical treatment and loss of earning capacity, it is in both of the parties' best interest to ensure Plaintiff is capable of providing her best testimony at her deposition. Moreover, Defendant is currently pending receipt of the necessary medical records regarding Plaintiff's treatment pre and post incident as further providers have been uncovered through written discovery and the receipt of other records. Defendant has timely subpoenaed these records but is still pending receipt of said records. Defendant's expert will require sufficient time upon receipt of these pending records as well as Plaintiff's testimony to provide a complete report pursuant to the rules of this Court which cannot be accomplished due to Plaintiff's unforeseen sickness.

The parties have worked together amicably, and all required authorizations have been provided. All other discovery is set to continue to move forward in the interim. Further, the parties still wish to further investigate this case and potentially reach a resolution prior to incurring fees and costs for further extensive discovery and experts once these medical records for pre-incident treatment are received.

### [PROPOSED] NEW DISCOVERY DEADLINES

| | |
|---|---|
| Expert Disclosure Deadline | January 28, 2022 |
| Rebuttal Expert Disclosure Deadline | February 27, 2022 |
| Discovery Cut-Off Date | March 29, 2022 |
| Dispositive Motion Deadline | April 28, 2021 |
| Proposed Joint Pre-Trial Order | May 27, 2022 |

If this extension is granted, all anticipated additional discovery should be concluded within the stipulated extended deadline. The parties aver that this request for extension of discovery deadlines is made by the parties in good faith and not for the purpose of delay.

DATED this 27th day of October, 2021.          DATED this 27th day of October, 2021.

**PHILLIPS SPALLAS & ANGSTADT**          **DEAVER | CRAFTON**

/s/ Megan E. Wessel          /s/ Brice Crafton

ROBERT K. PHILLIPS, ESQ.          BRICE CRAFTON, ESQ.
Nevada Bar No. 11441          Nevada Bar No. 10558
MEGAN E. WESSEL, ESQ.          DEAVER | CRAFTON
Nevada Bar No. 14131          810 E. Charleston Boulevard
PHILLIPS SPALLAS & ANGSTADT LLC          Las Vegas, NV 89104
504 South Ninth Street
Las Vegas, Nevada 89101          *Attorneys for Plaintiff*

*Attorneys for Defendant
Walmart Inc.*

   IT IS SO ORDERED:

   _____
   **UNITED STATES MAGISTRATE JUDGE**

   DATED: October 28, 2021